

Bk: 18157 Pg: 63   Page: 1 of 4
Recorded: 12/02/2004 11:45 AM

# MORTGAGE

**THIS MORTGAGE** is made this 23rd day of November, 2004, between **HECTOR L. RIVERA MELENDEZ AND LYDIA E. FIGUEROA RODRIGUEZ** presently residing at 15 Madonna Circle, Lowell, Middlesex County, Massachusetts (herein "Mortgagor(s)"), and the Clerk of the United States District Court for the District of Massachusetts, United States Courthouse, 1 Courthouse Way, Boston, Massachusetts (herein "Mortgagee").

WITNESSETH, for consideration paid and to secure a personal bond of even date for **REYNALDO RIVERA** (herein "Defendant"), in **Criminal No. 2004 M 0501RBC**, before the United States District Court for the District of Massachusetts (herein "Court"), in the amount of **NINETY THOUSAND DOLLARS** ($ 90,000.00) Dollars executed by the Defendant and the Mortgagor(s) in favor of the United States of America, and to secure due observances and performance of the obligation, terms, and conditions as set forth in an Order Setting Conditions of Release dated November 15, 2004, and filed with the Court, and to further secure the performance of all other covenants and agreements of or by the Defendant and Mortgagor(s) herein for the benefit of the Mortgagee, which may now exist or may hereafter exist or accrue while this Mortgage is still undischarged of record, and in furtherance of any pursuant to an escrow agreement made this day between the Mortgagor(s), hereby mortgage, with power of sale, the following parcel of real property, with the following covenants thereon, situate, lying and being in the County of Middlesex Commonwealth of Massachusetts, and more particularly described in the following deed attached as **Exhibit A.**

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, right, appurtenances, rents royalties, mineral, oil and gas rights and profits, water, water rights, and water stock, and all fixtures now or hereafter attached to the property, all of which, including replacements and additions thereto, shall be deemed to be and remain a part of the property covered by this Mortgage; and all of the foregoing, together with said property are hereinafter referred to as the "Property."

THE MORTGAGOR(S) covenant with the Mortgagee as follows:

1.  That the Mortgagor(s) shall pay the indebtedness as hereinbefore provided.

2. That the Mortgagor(s) will keep the Property insured against loss by fire or hazards included within the term "extended coverage: for the benefit of the Mortgagee; that the Mortgagor(s) will assign and deliver the policies to the Mortgagee; and that the Mortgagor(s) will reimburse the Mortgagee for any premiums paid or insurance made by the Mortgagee on the Mortgagor(s)'s default in so insuring the Property or in so assigning and delivering the policies. However, the Mortgagee shall never be required to maintain insurance of any type or description on the Property.

3. That the Mortgagor(s) shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property, and no building on the Property shall be removed or demolished without the consent of the Mortgagee.

4. That the Mortgagor(s) will pay all taxes, assessments or water rates, and in default thereof, the Mortgagee may, but is not required to, pay the same. In the event that the Mortgagee elects not to pay the same, the Mortgagee is not required to so notify the Mortgagor(s).

5. That the proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, said proceeds not to exceed the dollar amount of the personal bond secured by this Mortgage, shall be delivered to the Mortgagee, who shall hold such proceeds in a non-interest bearing escrow account until either (A) the personal bond has been discharged by the Court, whereupon, and only upon an order of the Court, the Mortgagee shall deliver said proceeds to the Mortgagor(s), or (2) the Defendant fails to observe the Order Setting Conditions of Release and is defaulted by a judicial officer of the Court, whereupon the proceeds shall be disbursed for the benefit of the United States of America in accordance with, and only upon, an order of the Court.

6. That notice and demand or request may be made in writing and may be served in person or by mail.

7. That the Mortgagor(s) will warrant and defend the title to the Property against all claims and demands.

8. That the Mortgagor(s) will create no further encumbrances of any kind against the Property.

9. That the Mortgagor(s), in case a sale shall be made under the power of sale, will, upon request, execute, acknowledge and deliver to the purchaser or purchasers a deed or deeds of release confirming such sale, and that the Mortgagee is appointed and constituted the attorney irrevocable of the Mortgagor(s) to executed and deliver to said purchaser a full transfer of all policies of insurance on the Property at the time of such sale.

10. That the holder of this Mortgage, in any acti8on to foreclose it, shall be entitled to the appointment of a receiver.

11. Notwithstanding any other agreement between the Mortgagor(s) and Mortgagee, or any provisions of the law, the Mortgagee shall not be required to discharge this Mortgage except upon order of the Court. It shall be the obligation of the Mortgagor(s) to furnish the Mortgagee with a certified copy of said order.

IN WITNESS WHEREOF, this mortgage has been duly executed by the Mortgagor(s).

_____        _____
Hector L. Rivera Melendez         Lydia E. Figeroa Rodriguez
Dated: 11/23/04                   Dated: 11/23/04

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS                                  On 11/23/04

Then personally appeared Hector L. Rivera Melendez and Lydia E. Figeroa Rodriguez and acknowledged the foregoing to be their free act and deed before me.

_____
NOTARY PUBLIC
My Commission Expires: April 25, 2008

MATTHEW A. PAINE
Notary Public
Commonwealth of Massachusetts
My Commission Expires
April 25, 2008

304390 P141   Exhibit A

## UNIT DEED

FRANCIS GATEHOUSE CORP., a Corporation duly organized and existing under the Laws of the Commonwealth of Massachusetts and having its usual place of business in Lowell, Middlesex County, Masachusetts, in consideration of NINETY-NINE THOUSAND NINE HUNDRED AND 00/100 ($99,900.00);

grants to: FREDERICK C. POWERS and THERESA C. PODEDWORNY as Joint Tenants w. the Right of Survivorship of 15 Madonna Circle, Lowell, Middlesex County, Massachusetts

with quitclaim covenants, the Unit known as No. 14, Building A, Phase I, FRANCIS GATEHOUSE CONDOMINIUM, Madonna Circle, Lowell, Middlesex County, Massachusetts, a condominium established by FRANCIS GATEHOUSE CORP. the "Declarant" in the Master Deed pursuant to Massachusetts General Laws, Chapter 183A, by Master Deed dated July 31, 1987, recorded July 31, 1987 with Middlesex North District Registry of Deeds (Registry) in Book 4180, Page 257 (Master Deed), as amended by First Amendment dated October 12, 1987 and recorded with said Registry in Book 4278, Page 335, on October 16, 1987, which Unit is built as shown on the floor plans of the building filed with said Registry of Deeds and on the copy of the portion of said plans attached hereto and made a part hereof, to which is affixed the verified statement in the form required by Section 9 of said Chapter 183A. See Plan Book 160, Plan 129 and Plan Book 160, Plan 130.

Said Unit is conveyed together with an undivided 4.80% interest in the common areas and facilities of the property described in said Master Deed attributable to the Unit; subject to and with the benefit of an easement in common with the owners of other Units to use any pipes, wires, ducts, flues, cables, conduits, public utility lines and other common areas, all as referred to in said Master Deed.

Said Unit is conveyed subject to the provisions of said Chapter 183A, Master Deed, easements referred to therein and Declaration of Trust recorded simultaneously with the Master Deed, as the same may be amended from time to time by instrument recorded in Middlesex North District Registry of Deeds, which provisions, together with any amendments thereto, shall constitute covenants running with the land and shall bind any person having at any time any interest or estate in the Unit, his family, servants, and visitors, as though such provisions were recited and stipulated at length herein, and to Rules and Regulations as may be established by the Condominium Trustees.

This sale does not represent a sale of all or substantially all of the assets of the corporation.

Prop. 15 Madonna Circle, Lowell, Mass.