UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA        )
                                )    CRIMINAL NO.: 04-10336-NMG
            v.                  )
                                )
JULIO SANTIAGO, et al.          )

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

The United States of America by and through Assistant United States Attorneys William F. Bloomer and Nancy Rue hereby submits, pursuant to Fed. R. Crim. P. 30, its request for jury instructions in the above-captioned case.  The United States also requests leave to file additional instructions as may become appropriate during the course of the trial.

                          Respectfully submitted,

                          MICHAEL J. SULLIVAN
                          United States Attorney

October 9, 2006          By:  /s/ Nancy Rue_____
                              WILLIAM F. BLOOMER
                              NANCY RUE
                              Assistant U.S. Attorneys
                              (617) 748-3260

## CERTIFICATE OF SERVICE

I hereby certify that on this date I have served a copy of the foregoing on counsel of record by electronic filing notice.

                          /s/ Nancy Rue_____
                          Nancy Rue
                          Assistant U.S. Attorney

1

<u>**GOVERNMENT'S PROPOSED INSTRUCTION NO. 1**</u>
**(Conspiracy to Possess of Heroin With Intent to Distribute)**

It is against federal law to conspire to possess heroin with the intent to distribute or to distribute it to someone else.

A conspiracy is an agreement or combination of two or more persons to violate the law. It is a kind of partnership in crime in which each member of the conspiracy, just by being a member of the conspiracy, becomes an agent of every other member of the conspiracy. What this means is that each conspirator not only acts for himself, but also acts for the other conspirators. The gist of the offense is a combination or an agreement to disobey or disregard the law to achieve an unlawful purpose.

It is not necessary that the government prove that the unlawful purpose of the conspiracy actually was achieved in order to prove that the conspiracy existed. Additionally, successfully achieving the purpose of the conspiracy does not preclude a finding that the conspiracy charge is not proved. In other words, conspiracy and any related substantive offenses are separate crimes. What the evidence must show, is that a particular defendant and one or more other persons, either known or unknown, in some way or manner, through some means, came to a mutual understanding to try and accomplish their common unlawful purpose and that they did so knowingly, willfully, and

2

intentionally.


<u>Pettibone v. United States</u>, 148 U.S. 197, 203 (1893); <u>United States v. Guerro</u>, 693 F.2d 10, 12 (1st Cir. 1982); <u>United States v. Winter</u>, 663 F.2d 1120, 1136 (1st Cir. 1981).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 2
### (Existence of the Conspiracy)

In your consideration of the conspiracy offense that is part of Count One of the Indictment, you should first determine, from all of the testimony and evidence in the case, whether or not the conspiracy existed as alleged. You must find beyond a reasonable doubt that the drug conspiracy specified in Count One of the Indictment and not some other uncharged agreement or agreements, existed. Here, the government alleges that no later than December 2003 and continuing until October 15, 2004, that the defendant conspired with others, known and unknown, to possess with intent to distribute heroin and to distribute heroin.

To establish the existence of a conspiracy, the evidence need not show that the conspirators entered into any express or formal agreement, or even that they directly, by spoken or written words, stated between themselves just what their object or purpose was, or the details of the scheme, or the means by which they would succeed. The government need not establish that the co-conspirators knew or agreed upon every detail of the conspiracy. It is sufficient if an agreement is shown by conduct evidencing even a silent understanding to share a purpose to violate the law.

Since a conspiracy, by its very nature, is often secret, neither the existence of the common agreement or scheme, nor the

4

fact of any defendant's participation in it need be proved by direct evidence.  Both may be inferred from the development and course of dealings between the defendant and any co-conspirators.

Pattern Criminal Jury Instruction, Fifth Circuit Judges Association (West 1979), p.62; United States v. Lopez, 944 F.2d 33, 39 (1st Cir. 1991); United States v. Guerro, 693 F.2d 10, 12 (1st Cir. 1982); United States v. Stubbert, 655 F.2d 453, 456 (1st Cir. 1981); United States v. David E. Thompson, Inc., 621 F.2d 1147, 1151 (1st Cir. 1980); United States v. Hathaway, 534 F.2d 386, 400-01 (1st Cir. 1976); United States v. Addonizio, 451 F.2d 49, 74 (3d Cir. 1971); United States v. Fenton, 367 F.3d 14 (1st Cir. 2004).

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 3**
**(Consideration of Acts and Statements of Co-Conspirators)**

In deciding whether the defendant was a member of the alleged conspiracy, you should first consider the evidence of the defendant's own acts and statements. In addition, however, you should also consider any other evidence in the case as it bears on the issue of the membership of the defendant in the alleged conspiracy. Specifically, you may consider the acts and statements of the other alleged co-conspirators, even if the defendant was not present at the time the acts were done or the statements made by the other alleged co-conspirator, if you find such acts or statements were done by a member of the conspiracy, during the conspiracy's existence and in furtherance of one of the purposes of the conspiracy.

Bourjaily v. United States, 483 U.S. 171 (1987); United States v. Angiulo, 847 F.2d 956, 970-71 (1st Cir. 1988); United States v. Nickerson, 606 F.2d 156, 157-58 (6th Cir. 1979); United States v. Giese, 597 F.2d 1170, 1197 (9th Cir. 1979); United States v. Petrozziello, 548 F.2d 20, 22-23 (1st Cir. 1977); United States v. Winter, 663 F.2d 1120 n.36 (1st Cir. 1981).

### GOVERNMENT'S PROPOSED INSTRUCTION NO. 4
### (Conspiracy - Time Period)

The government alleges that the conspiracy charged as part of Count One existed from a time not known exactly, but starting no later than December 2003, and ending on October 15, 2004. In determining whether the defendant conspired as alleged, it is sufficient that you find that the conspiracy was in existence for any period of time which included the period alleged, and that the defendant was a member of the conspiracy during at least a portion of the time period alleged.

United States v. Hathaway, 534 F.2d 386, 401 n.19 (1st Cir. 1976); United States v. Postma, 242 F.2d 488, 496-97 (2$^{d}$ Cir. 1957) (per curiam).

7

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 5**
**(Drug Conspiracy - Elements)**

With those general instructions about conspiracy in mind, and with the instructions about the essential elements of possessing heroin with intent to distribute, I will now inform you of the essential elements of the drug conspiracy offense alleged in Count One of the Indictment.

To establish a violation of the drug conspiracy statute, the government must prove the following element, beyond a reasonable doubt:

> **First**:    That the defendant and one or more other persons knowingly conspired, combined, or agreed to the commission by members of the conspiracy of a substantive violation of the federal drug laws that prohibit knowingly distributing heroin or knowingly possessing heroin with intent to distribute.

As I also said earlier, something is done knowingly if it is done voluntarily and intentionally, and not because of ignorance, mistake, accident, carelessness, or other innocent reason. To distribute means to transfer something to someone else, with or without a financial interest in the transaction.

21 U.S.C. §846; Adapted from Devitt, Blackmar and O'Malley, Federal Jury Practice and Instructions, Criminal Vol. 2, §28.03 (4th ed. 1990); Sand, Modern Federal Jury Instructions, No. 6-17 (1993); United States v. Cambara, 902 F.2d 144, 146 (1st Cir. 1990).

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 6**
**(Possession of Heroin With Intent to Distribute)**

It is against federal law to have heroin in your possession with the intention of distributing it to someone else.  For you to find that the defendant committed this crime, you must be convinced that the government has proven each of the following elements beyond a reasonable doubt:

**First**, that on or about the dates charged in the indictment, the defendant possessed heroin, either actually or constructively;

**Second**, that he did so with a specific intent to distribute the heroin over which he had actual or constructive possession; and

**Third**, that he did so knowingly and intentionally.

21 U.S.C. §841(a)(1).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 7
### (Possession)

The first element the government must prove is that the defendant knowingly possessed a quantity of heroin. The term "possess" means to exercise authority, dominion, or control over something. It is not necessarily the same as legal ownership. The law recognizes different kinds of possession, including actual possession and constructive possession. A person who has direct physical control of something on or around his person is in actual possession of it. That is, a person who physically holds an object or has it on his person is in actual possession of the object.

A person who is not in actual possession, but who knowingly has both the power and the intention to exercise control over something, is in constructive possession of it. That is, a person who places or stores an object in a location over which he has the ability to control, and who also intends to exercise control over that object, is in constructive possession of that object. The government need not prove that the defendant had exclusive control over the area where the object was placed or stored. The law recognizes no distinction between actual and constructive possession; either form of possession is sufficient to satisfy the second element of this crime.

Possession includes both sole and joint possession. The defendant need not have exclusive possession of an item for you to determine that he is in constructive possession of it. If one person alone has actual or constructive possession, possession is sole. If two or more persons share actual or constructive possession, possession is joint. Again, the law recognizes no distinction between sole and joint possession; either form of possession is sufficient to satisfy the second element of this crime.

The element of possession is proved if you find beyond a reasonable doubt that the defendant had actual or constructive possession, either alone or jointly with others, of the charged heroin.

First Circuit Pattern Jury Instructions (Criminal) Inst. 4.06 (1998);
United States v. Zavala Maldonado, 23 F.3d 4, 7-8 (1st Cir. 1994);
United States v. Wight, 968 F.2d 1393, 1398 (1st Cir.1992)
United States v. Booth, 111 F.3d 1, 2 (1st Cir. 1997);
United States v. Meade, 110 F.3d 190, 202-03 (1st Cir. 1997);
United States v. Rogers, 41 F.3d 25, 29 (1st Cir. 1994);
United States v. Ladd, 877 F.2d 1083, 1087-88 (1st Cir. 1989);
1A Kevin F. O'Malley et al., Federal Jury Practice and Instructions, § 16.05 (5th ed. 2000);
2 Leonard B. Sand et al., Modern Federal Jury Instructions, No. 35-49 (1999).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 8
### (Intent to Distribute)

The intent to distribute is typically established through circumstantial evidence.  In determining whether the defendant intended to distribute any prohibited drug which you conclude was in his actual or constructive possession, you may consider all the surrounding circumstances.

It is not necessary for you to be convinced that the defendant actually delivered a prohibited drug to someone else or that he made any money out of any such delivery.  It is enough for the government to prove, beyond a reasonable doubt, that he had in his possession a substance that he knew was a prohibited drug, and that he intended to transfer it (or some of it) to someone else, with or without any financial interest in the transaction.

A person's intent may be inferred from the surrounding circumstances.  Intent to distribute may, for example, be inferred from a quantity of drugs larger than needed for personal use, from the manner in which it is packaged, or from the presence of a scale.  In other words, if you find these circumstances present then you may infer that the defendant intended to distribute any substance you find he knowingly

12

possessed.  The law does not require you to draw such an
inference, but you may draw it.

First Circuit Pattern Jury Instruction (Criminal) Inst. 4.22
(1998);
United States v. Echeverri, 982 F.2d 675, 678-79 (1st Cir.1993)
(considering layout of defendant's apartment, amount of heroin
found, and the presence of a scale and a ledger as corroborative
of intent to distribute); United States v. Latham, 874 F.2d 852,
863 (1st Cir. 1989); see also United States v. Akinola, 985 F.2d
1105, 1109 (1st Cir. 1993); United States v. Morales-Cartagena,
987 F.2d 849, 852 (1st Cir. 1993).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 6
### (Knowledge)

The government must also establish that the defendant was in knowing and intentional possession of the heroin alleged to have been found at the Riviera Drive apartment.  An object is possessed knowingly if it is possessed voluntarily and intentionally, not because of mistake or accident.

This does not mean that the government must show that the defendant knew he was violating the law or intended to violate the law by possessing heroin.  To satisfy this requirement, the government only needs to prove that the defendant knew he was in possession of the heroin in question.

First Circuit Pattern Jury Instructions (Criminal) Inst. 4.06 (1998);
United States v. Booth, 111 F.3d 1, 2 (1st Cir. 1997);
United States v. Tracy, 36 F.3d 187, 194-95 (1st Cir. 1994);
United States v. Field, 39 F.3d 15, 17 (1st Cir. 1994); 1A Kevin F. O'Malley et al., Federal Jury Practice and    Instructions, § 17.04 (5th ed. 2000).

14

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 7**
**(Proof of Knowledge)**

Because it is impossible to prove through direct evidence the inner workings of the human mind, it is frequently necessary to resort to circumstantial evidence. Thus, in deciding whether something is done knowingly, you may consider the actions of the defendant, all of the facts and circumstances surrounding his conduct, and any reasonable inferences to be drawn from those facts and circumstances.

United States v. Booth, 111 F.3d 1, 2 (1st Cir. 1997);
1 Leonard B. Sand et al., Modern Federal Jury Instructions, No.
    6-17 (1999);
1A Kevin F. O'Malley, et al., Federal Jury Practice and
Instructions, § 17.07 (5th ed. 2000).

15

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 9**
**(Possession of Firearm in Furtherance**
**of Drug Trafficking Crimes – Statute and Elements)**

Count Seven of the Indictment charges the defendant with possessing a firearm in furtherance of one or more drug trafficking crimes, that is possession with intent to distribute heroin, and conspiracy to possess with intent to distribute and to distribute heroin.   The statute that makes it a crime to possess a firearm in furtherance of drug trafficking crimes provides, in pertinent part, that:

> Whoever, during and in relation to any . . . drug trafficking crime . . .  for which the person may be prosecuted in a court of the United States, . . . or who, in furtherance of any such crime, possesses a firearm, shall [be guilty of a crime].

In order to meet its burden of proof for the crime of possessing a firearm in furtherance of a drug trafficking crime, as charged in Count Seven, the government must prove the following essential elements beyond a reasonable doubt:

> **First,** that the defendant committed one or more drug trafficking crimes that may be prosecuted in a court of the United States; and

> **Second,** that the defendant knowingly possessed a firearm in furtherance of one or more such drug trafficking crimes.

18 U.S.C. §924(c)(1)(A).

### GOVERNMENT'S PROPOSED INSTRUCTION NO. 10
### (First Element: Drug Trafficking Crime – Defined)

The term "drug trafficking crime that may be prosecuted in a court of the United States" means: any felony punishable under the Controlled Substances Act (21 U.S.C. §801 *et seq.*).

I instruct you, as a matter of law, that the crimes of possession with intent to distribute heroin, and conspiracy to possess with intent to distribute and to distribute heroin, are drug trafficking crimes that may be prosecuted in a court of the United States.  You must still find beyond a reasonable doubt that the defendant committed one of more of those crimes, but if you do, then the first element of the charge in the Indictment is established.  I will now instruct you on the elements of the drug trafficking crimes alleged in Count Seven of the Indictment.


18 U.S.C. §924(c)(2).

17

<u>GOVERNMENT'S PROPOSED INSTRUCTION NO. 11</u>
**Second  Element of Firearm Count:  Firearm – Defined**

The second element of the firearm crime charged in the Indictment is that the defendant knowingly possessed a firearm in furtherance of one or more drug trafficking crimes.

The term "firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; and the term includes the frame or receiver of any such weapon, or any firearm silencer or firearm muffler.  The terms "firearm silencer" and "firearm muffler" mean any device for silencing, muffling, or diminishing the report of a portable firearm, including any combination of parts, designed or redesigned, and intended for use in assembling or fabricating a firearm silencer or firearm muffler, and any part intended only for use in such assembly or fabrication.

18 U.S.C. § 921(a)(3) & (a)(24).

18

### GOVERNMENT'S PROPOSED INSTRUCTION NO. 12
### (Possession)

My earlier instructions about possession in the context of drug possession are equally applicable to this element of the firearm count.  As I stated earlier, the term "possess" means to exercise authority, dominion, or control over something.  It is not necessarily the same as legal ownership.  The law recognizes different kinds of possession, including actual possession and constructive possession.  A person who has direct physical control of something on or around his person is in actual possession of it.  That is, a person who physically holds an object or has it on his person is in actual possession of the object.

A person who is not in actual possession, but who knowingly has both the power and the intention to exercise control over something, is in constructive possession of it.  That is, a person who places or stores an object in a location over which he has the ability to control, and who also intends to exercise control over that object, is in constructive possession of that object.  The government need not prove that the defendant had exclusive control over the area where the object was placed or stored.  The law recognizes no distinction between actual and constructive possession.  Either form of possession is sufficient to satisfy the second element of this crime.

Also, please remember my earlier instructions about

19

knowledge.  Possession must be knowing.  That is, an object is possessed knowingly if it is possessed voluntarily and intentionally, not because of mistake or accident.

First Circuit Pattern Jury Instructions (Criminal Cases), Committee on Pattern Criminal Jury Instructions First Circuit (West 1998) §4.06; United States v. Bartelho, 71 F.3d 436, 439 (1st Cir. 1995); 2 Leonard B. Sand et al., Modern Federal Jury Instructions, No. 35-48 (1999);First Circuit Pattern Jury Instructions (Criminal) Inst. 4.06 (1998); United States v. Booth, 111 F.3d 1, 2 (1st Cir. 1997).

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 13**
**(Essential Elements)**

In order to find the defendant guilty of this offense, you must be satisfied beyond a reasonable doubt of the following three elements:

First, that on or about the date alleged in the indictment, the defendant had possession of a firearm;

Second, that the defendant had knowledge that what he was possessing was a firearm; and

Third, that this firearm was not registered to the defendant in the National Firearms Registration and Transfer Record.

Leonard B. Sand, et al., <u>Modern Federal Jury Instructions</u>, No. 35-58 (1995)

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 14**
**(Possession of a Firearm)**

The first element that the government must prove beyond a reasonable doubt is the same as the first element that the government must prove for purposes of Count Seven, namely, that the defendant did, in fact, have possession of the firearm in question.  I instruct you that the instructions I previously gave you with respect to Count Seven, including the meaning of the terms "firearm" and "possession" apply with respect to this count.

Leonard B. Sand, et al., <u>Modern Federal Jury Instructions</u>, No. 35-59 (1995).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 15
### (Knowing Possession)

The second element that the government must prove beyond a reasonable doubt for purposes of Count Eight -- the knowing possession of a silencer -- is also the same as the second element that the government must prove with respect to Count Seven.  I therefore instruct you that the same instructions I previously gave you with respect to the second element of Count Seven also apply with respect to the second element of Count Eight.

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 16
### (Firearm Registration)

The third element that the government must prove beyond a reasonable doubt is that the firearm in question was not registered to the defendant in the National Firearms Registration and Transfer Record.  The evidence in this case includes certificates showing that after a diligent search of the National Firearms Registration and Transfer Record, no record was found that any destructive devices or other firearms were registered to the defendant.  From this evidence, you may, but need not, find that the government has sustained its burden of proving beyond a reasonable doubt the non-registration of the firearm charged in Count Eight.

The government need not prove that the defendant knew of the registration requirement or knew that the firearm was not so registered to him; it is enough for purposes of this element for the government to establish beyond a reasonable doubt that the silencer was not registered to the defendant.

See Leonard B. Sand, et al., Modern Federal Jury Instructions, No. 35-61 (1995).

18 U.S.C. §921(a)(3)(A).

### GOVERNMENT'S PROPOSED INSTRUCTION NO. 17
### (In Furtherance Of - Defined)

To show that a firearm was possessed in furtherance of a drug trafficking crime, the government must show a connection between the possession of the firearm and a drug trafficking crime.  It is not sufficient that a firearm was merely possessed by the defendant, and that the defendant also committed one or more drug trafficking crimes.  The government must show that a firearm was possessed by the defendant to further, advance, or promote the commission of one or more drug trafficking crimes.  The mere presence of a firearm and drugs in the same apartment, or the mere possession of a firearm by a person who also deals drugs, is not in and of itself sufficient basis to support this element.  You must consider all of the circumstances under which the firearm was found.  You may consider the proximity of the firearm to drugs or drug proceeds, the quantity or value any drugs found in proximity to the firearm, the type of drug activity that is being conducted, accessibility of the firearm, the type of weapon, whether the firearm is stolen, whether its possession is legal or illegal, and whether it is loaded.  In sum, the government must tie the defendant to the firearm and show that the firearm was possessed to further, advance, or promote the criminal activity.  However, it is not necessary that furthering, advancing, or promoting the criminal activity be the sole purpose of the possession of the firearm.

18 U.S.C. §924(c)(1)(A); <u>United States v. Grace</u>, 367 F.3d 29, 35 (1st Cir. 2004); <u>United States v. Garner</u>, 338 F.3d 78, 81 (1st

Cir. 2003); <u>United States v. Luciano</u>, 329 F.3d 1, 6 (1st Cir. 2003) (*citing* <u>United States v. Ceballos-Torres</u>, 218 F.3d 409, 415 (5th Cir. 2000)).

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 18**
**(Punishment)**

The question of possible punishment of the defendant is of no concern to the jury and should not, in any sense, enter into or influence your deliberations.  The duty of imposing sentence rests exclusively upon the court.  Your function is to weigh the evidence in the case and to determine whether or not the defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence. Under your oath as jurors, you cannot allow a consideration of the punishment which may be imposed upon the defendant, if he is convicted, to influence your verdict, in any way, or, in any sense, enter into your deliberations.