UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>Plaintiff  )<br>)<br>v.  )<br>)<br>REYNALDO RIVERA,  )<br>Defendant  )<br>  )| MA DC NO.: 04-CR-10336<br>PRISONER NO.: 25397-038 |

### DEFENDANT, REYNALDO RIVERA'S, MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY PURSUANT TO 28 U.S.C § 2255

NOW COMES Defendant, Reynaldo Rivera, with the assistance of Criminal Defense Consultants, LLC in an effort to assist this Court with the difficult task of examining the current sentence, and moves this Honorable Court to vacate, set aside or correct the imposed Sentence to more appropriately reflect that under the applicable Sentencing Guideline range.

### FACTUAL HISTORY

Defendant, Reynaldo Rivera, Prisoner No. 25397-038, is currently incarcerated at FPC Schuylkill located in Minersville, PA. Under oath, Defendant Rivera states the following[1]:

1. (a). On or about June 22, 2007, a sentence was imposed at the John J. Moakley United State District Court for the District of Massachusetts located at One Courthouse Way in Boston, Massachusetts.

---
[1] Information and Facts are based on the Sentencing Transcript of June 22, 2007.

  (b). The judgment of conviction was entered by way of guilty plea under Criminal Docket No. 04-CR-10336.

2. (a). & (b). The date of sentencing was June 22, 2007.

3. The length of the imposed sentence was eighty-eight (88) months.

4. Defendant Rivera was charged with six (6) separate Counts:

  Count 1: Conspiracy to Possess with Intent to Distribute and Distribute Heroin, 21 U.S.C. § 846 (Class A Felony);

  Count 2: Distribution and Possession with Intent to Distribute Heroin, Aiding and Abetting, 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Class C Felony)

  Count 3: Distribution and Possession with Intent to Distribute Heroin, Aiding and Abetting, 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Class C Felony)

  Count 4: Distribution and Possession with Intent to Distribute Heroin, Aiding and Abetting, 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Class C Felony)

  Count 5: Distribution and Possession with Intent to Distribute Heroin, Aiding and Abetting, 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Class C Felony)

  Count 6: Distribution and Possession with Intent to Distribute Heroin, Aiding and Abetting, 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Class C Felony)

In addition, Defendant Rivera was charged with Criminal Forfeiture under 21 U.S.C. § 853.

5. (a). & (b). Defendant Rivera entered a Plea of Guilty on October 19, 2006 on all counts.

6. Defendant Rivera did not take his case to trial.

7. Defendant Rivera waived his right to testify at a pretrial hearing, trial, or post-trial hearing.

8. Defendant Rivera, through his attorney of record, has filed his appeal from the sentence and judgment of conviction.

9. (a). & (b). Defendant filed his appeal at the United States Court of Appeals for the First Circuit under Docket No. 07-2181.

(c). & (d). Presently, the appeal is pending with the trial transcript only recently having been produced.

(e). Defendant is not aware of any citation to the case.

(f). The specific grounds raised in the appeal through Defendant's attorney of record were for the conviction and sentence.

(g). Defendant Rivera did not file a petition for certiorari before the United States Supreme Court.

10. Other than the direct appeal listed above, Defendant Rivera has not filed any other Motions, Petitions or Applications concerning this judgment of conviction.

11. Not applicable.

## GROUNDS FOR APPEAL

12.   Defendant Rivera believes that he is presently being held in violation of the Constitution, laws and treaties of the United States.

   (a).   Specifically, Defendant Rivera believes that he was sentenced in violation of *Kimbrough* and *Gall* insofar as the Guidelines are only one of the factors to be considered when imposing a sentence.[2] The Guidelines, as modified by *Booker*, instruct District Courts to impose a sentence sufficient, **but not greater than necessary**, to achieve the goals of sentencing (emphasis added).[3]

   Post *Booker*, the Courts were directed to avoid unwarranted disparities among defendants with similar records who have been convicted of similar criminal conduct. Judges are now directed to consider the nature and circumstances of the offense and the history and characteristics of the defendant.[4] The Court failed to properly classify Defendant under Guideline § 3B1.1 (c), thereby overlooking the allowable reduction had a two (2) level enhancement been imposed. Had the two (2) level enhancement been imposed, Defendant Rivera would have been sentenced between 70 and 87 months, as opposed to 78 and 97 months.

   Lastly, Defendant Rivera believes that his attorney inadequately represented him at trial.

---

[2] *Gall v. United States*, 128 S. Ct. 586 (2007).

[3] *Kimbrough v. United States*, 128 S. Ct. at 564 (2007).

[4] 18 U.S.C. § 3553 (a)(6).

(b).   It is not known whether the attorney of record for Defendant Rivera made any reference to the specific avenues of appeal. Defendant Rivera believes that his attorney inadequately represented him at trial.

13.   Defendant Rivera believes that an argument for a fair and reasonable sentence was never properly argued at time of sentencing. Defendant Rivera believes that this was due to a combination of his attorney's ineffectiveness and Defendant Rivera's inability to speak or communicate in English. For the reasons set forth below, Defendant Rivera believes that he received a sentence disproportional to the offense for which he was convicted.

Defendant Rivera requests that his offense level be reduced to represent a more accurate reflection of the various offenses, thereby reducing his sentence accordingly. In specific response, Defendant Rivera states the following:

(a).   Defendant was sentenced under §2D1.1 (c)(6) for a base offense level of 28 under the presumption that the amount of heroin was at least 400 grams and no more than 700 grams.

(b).   Defendant states that the base level offense was predicated on a non-agreed quantity of illicit drugs. The sentence of eighty-eight (88) months, although within the level 3 enhancement guideline range, was higher than would have been imposed had Defendant been properly classified with a level 2 enhancement. Due to the mischaracterization, Defendant's sentence recommendation was for 78-97 months instead of 70-87 months. The imposed sentence of eighty-eight (88) months is, therefore, beyond the highest range for the actual sentencing guideline.

(c).    Defendant was sentenced under Guideline § 3B1.1 (b) with a three (3) level enhancement under the presumption that he was a manager or supervisor (as opposed to an organizer or leader) and that the criminal activity involved five (5) or more participants or was otherwise extensive. In fact, this Court acknowledged that Defendant was a Supervisor for but one (1) or possibly two (2) others who were involved. As such, the charges more accurately reflect a two (2) level enhancement under Guideline § 3B1.1 (c), thereby allowing for a reduction of the overall sentence imposed.

(d).    There is insufficient information to determine the scope of Defendant's role. By this Court's admission, Defendant acted in the capacity of a Supervisor of less than five (5) others rather than as an Organizer/Leader or Manager of five (5) or more.

As defined[5], an *Organizer/ Leader* " organizer leads, directs, or otherwise runs a drug distribution organization, has a largest share of the profits and the most decision making authority".

A *Manager* "serves as a lieutenant to assist the Organizer/Leader manages all or a significant portion of a drug manufacturing importation or drug distribution operation; takes instructions from the Organizer/Leader and conveys to subordinates; supervises directly at least one other co-participant in an organization of at least five co-participants".

A *Supervisor* "supervises at least one other co-participant but has limited authority and does not qualify as a manager".

(e).    Under §3B1.1(b), if Defendant was a manager or a supervisor (but not an organizer or leader) and the criminal activity involved five (5) or more participants or was

---

[5] Table A-1 of the United States Sentencing Commission's Appendix to its May 2007 Report to Congress.

otherwise extensive, the base offense will increase by **3** levels (emphasis added). Under §3B1.1 (c), if Defendant was an organizer, leader, manager or supervisor in any criminal activity other than previously described, the base offense will increase by **2** levels (emphasis added).

(f).    For purposes of this Motion, Defendant agrees with the adjustment for acceptance of responsibility whereby a three (3) level reduction has been applied pursuant to §3E1.1 (a) and (b). As such, Defendant's current sentence is offense level 28 with 78 to 97 months to serve. In accordance, Defendant was sentenced to eighty-eight (88) months to serve with four (4) years of supervised probation, considered at the higher side of the sentencing guideline given his more limited involvement. Pursuant to *Kimbrough*, Defendant must be given a sentence no greater than necessary taking into consideration his acceptance of responsibility and the Court recognized limited role he played. It must also be noted that Defendant Rivera was sentenced to the higher side of the guidelines despite having no prior criminal history points. Nor was Defendant found to have used violence, threats or weapons in connection with the charged offenses.

14.    Defendant Rivera, through his attorney, filed an Appeal with the United States Court of Appeals for the First Circuit in the District of Massachusetts at the John J. Moakley United States Courthouse located in Boston, Massachusetts under Docket No. 07-2181. The Appeal was docketed on August 1, 2007. The specific reasons cited for the Appeal were for the conviction and sentencing.

15.  (a).-(e).  Until the time of this Motion, Defendant has been represented by Attorney Carl N. Donaldson whose office address is 240 Commercial Street in Boston, Massachusetts.

(f).-(g).  Defendant is presently waiting for Attorney Carl Donaldson to withdraw from his case.[6]

16.  Defendant Rivera was sentenced on the following counts:

Count 1:  Conspiracy to Possess with Intent to Distribute and Distribute Heroin, 21 U.S.C. § 846 (Class A Felony);

Count 2:  Distribution and Possession with Intent to Distribute Heroin, Aiding and Abetting, 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Class C Felony)

Count 3:  Distribution and Possession with Intent to Distribute Heroin, Aiding and Abetting, 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Class C Felony)

Count 4:  Distribution and Possession with Intent to Distribute Heroin, Aiding and Abetting, 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Class C Felony)

Count 5:  Distribution and Possession with Intent to Distribute Heroin, Aiding and Abetting, 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Class C Felony)

---

[6] Despite repeated request, Attorney Donaldson has yet to file his Motion to Withdraw. Attorney Donaldson was served with the request several times, the most recent having been acknowledged by certified return receipt.

   <u>Count 6</u>:  Distribution and Possession with Intent to Distribute Heroin, Aiding and Abetting, 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Class C Felony)

In addition, Defendant Rivera was charged with Criminal Forfeiture under 21 U.S.C. § 853.

17. Defendant Rivera does not have any future sentence to serve after completion of the present sentence for which he is seeking a reduction.

18. This filing of this Motion was unfortunately delayed by Attorney Carl N. Donaldson's lack of action and failure to meet his responsibilities to the court and his client, as evidenced by the Docket Report on file at the First Circuit Court of Appeals. In addition, the filing was delayed by the late filing of the trial transcript (trial transcript filed on 6/12/08 with the Court having issued an ORDER to Show Cause on 5/13/08).

  Defendant Rivera, with the assistance of Criminal Defense Consultants, LLC, for the reasons articulated, seeks a downward adjustment of his sentencing score and offense level. This is based on the overstating of Defendant's original offense level and his presumed propensity to commit further crimes.

  WHEREFORE Defendant Rivera respectfully requests that this Court acknowledges and considers sufficient, but not greater than necessary, the statutory directives set forth in 18

U.S.C. § 3553 (a). Defendant suggests that the offenses more accurately fall within the guideline range of level 27 and, therefore, requests that his sentence be reduced by a maximum of eighteen (18) months. In consideration thereof, Defendant will agree to a longer post-incarceration probation period contemporaneous with the sentence reduction. In addition, Defendant will immediately withdraw his appeal upon the implementation of a reduced sentence.

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion Under 28 U.S.C.§2255 was placed in the prison mailing system on 8-19-08 (month/day/year).

Executed (signed) on Reynaldo Rivera (date). 8-19-08

x Reynaldo Rivera
Reynaldo Rivera